

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MAUREEN HEROUX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 04 C 304 |
| ) | Judge Joan H. Lefkow |
| HUMANA INSURANCE COMPANY, ) | |
| a corporation, and THE DUVAL GROUP, ) | |
| LTD., an Illinois Corporation, and THE ) | |
| "DUVAL GROUP PLAN," an unnamed ) | |
| employee welfare plan, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Maureen Heroux ("Heroux"), filed a six-count Second Amended Complaint against defendants, Humana Insurance Company ("Humana"), The Duval Group Ltd. ("Duval"), and the Duval Group Plan, alleging violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1101 *et seq.* Humana has moved pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss Counts I and III of Heroux's Second Amended Complaint for failure to state a claim upon which relief may be granted. The court has jurisdiction over the claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §1132. For the reasons set forth below, defendant's motion is granted in part and denied in part.

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support

of its claim that would entitle it to relief. *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy* v. *Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in favor of the plaintiff. *Jackson* v. *E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999); *Zemke* v. *City of Chicago*, 100 F.3d 511, 513 (7th Cir. 1996).

## ALLEGATIONS OF THE COMPLAINT[1]

I. **Background**

Heroux was employed by Duval from February 14, 1998 until April 19, 2002. (Second Amended Complaint at ¶ 6, hereinafter "¶ ___."). As part of her employment with Duval, Heroux received health insurance coverage consisting of medical and drug coverage for illness or injury through the Duval Group Plan (the "Plan"). (¶ 7). The Plan is an employee welfare plan within the meaning of ERISA, adopted by Duval prior to April 2002. (¶ 3). Duval is the Plan's fiduciary and administrator under ERISA. (¶ 5).

Upon Heroux's departure from her employment with Duval, Duval purported to offer Heroux a three-month severance package that continued her health insurance benefits. (¶ 6). Duval led Heroux to believe that upon her leaving her employment, her medical insurance was being continued under the provisions of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). (¶ 10). In order to maintain her health insurance coverage, Heroux made regular payments amounting to over $4,000 to Duval from the end of her employment through and including April of 2003. (¶¶ 11,

---

[1] The facts in this section are taken from Heroux's Second Amended Complaint and from Exhibit A, which is attached to Defendant's Motion to Dismiss. Exhibit A is a copy of the Group Insurance Policy with an effective date of June 1, 2000. Humana attached Exhibit A to their Motion to Dismiss. The court may "examine documents that a defendant attached to a motion to dismiss . . . if they are referred to in plaintiff's complaint and are central to her claim." *Albany Bank & Trust Co.* v. *Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002). Although a copy of the Policy was not attached to the Complaint, it was referred to therein and central to Heroux's claims.

2

21).

In a letter dated April 10, 2003, Duval specifically requested payment from Heroux for insurance. (Compl. Ex. B).[2] The letter informed Heroux that her health insurance coverage was expiring on April 30, 2003 and that Duval had not yet received payment for the month of April. *Id.* The letter notified Heroux that if Duval did not receive payment by April 15, 2003, Duval would end the policy effective March 31, 2003. *Id.* Duval wrote a check in the amount of $445.00 on April 11, 2003, which Duval cashed on April 18, 2003. (Compl. Ex. C).[3] Duval paid for Heroux's share of its group insurance policy through April 2003. (¶ 12).

## II. The Relationship Between Humana and the Plan

Initially, the Group Insurance Policy (the "Policy") for the Plan identified Humana's predecessor, Employee Health Insurance Company, as its "Administrator."[4] (¶ 4). The Policy defined "Administrator" as "[Humana], who performs administrative functions for the Policyholder." (Def. Motion to Dismiss, Ex. A at Duval 0006).

On June 1, 2000, the Policy was amended to redefine Humana as "Insurer" and "Trust Administrator."[5] (Def. Motion to Dismiss, Ex. A at Duval 0023-24). "Insurer" was defined as

---

[2]Complaint Exhibit B is a collection letter sent to Heroux from Duval. The court may consider this exhibit insofar as it is attached to Heroux's Complaint. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *Beanstalk Group, Inc. v. Am. Gen. Corp.*, 283 F.3d 856, 858 (7th Cir. 2002).

[3]Complaint Exhibit C is a copy of the cashed check from Heroux to Duval. The court may consider this exhibit insofar as it is attached to Heroux's Complaint. *See Tierney*, 304 F.3d at 738; *Beanstalk Group*, 283 F.3d at 858.

[4]The Policy names Employers Health Insurance Company ("EHIC") as the "Insurer." In the Second Amended Complaint, Heroux alleges on information and belief that EHIC is Humana's predecessor. (¶ 8). For purposes of deciding this motion to dismiss, the court will refer to EHIC as "Humana."

[5]Heroux objects to Humana's reliance on the June 2000 amendment to the Policy, arguing without citing to any supporting case law that Humana has not established either the efficacy of the amendment or that it acted in a manner consistent with its interpretation of the purported amendment. Heroux, however, does not question the

follows:

> [Humana] in its capacity as administrator for claims determination and ERISA claims review fiduciary exercising its discretionary authority to: (1) interpret policy provisions; (2) make decisions regarding eligibility for coverage and benefits; and (3) resolve factual questions relating to coverage and benefits. [Humana] shall not be construed to be a fiduciary of the plan other than as described in this definition. [Humana] is not the Plan Administrator of the plan as that term is defined by ERISA.

(Def. Motion to Dismiss, Ex. A at Duval 0024). "Trust Administrator" was defined as Humana "in its capacity of performing administrative functions for the Policyholder." (Def. Motion to Dismiss, Ex. A at Duval 0024). Plaintiff alleges that Humana had authority to control and manage operation and administration of the Plan, in addition to possessing the discretion to grant or deny claims. (¶ 4). Plaintiff further alleges that Duval relied upon Humana's expertise in the control and management of operation of the Plan, thereby rendering Humana a fiduciary under ERISA. (¶ 4).

### III. Heroux's Claims Against Humana

The cover pages of the Certificate of Insurance for the health insurance provided under the Plan to Heroux state that Duval is the employer, Heroux is the employee, and that the policyholder is the Trustee of the Employers Health Insurance Benefits Trust. (¶ 8). The certificate does not state the name of the subject plan. (¶ 8). During her employment with Duval, Heroux did not receive a summary plan description document, which is required under ERISA §1022(b) to be provided and to include identification of the Plan. (¶ 9). Heroux received no other document while employed at Duval that identified the Plan. (¶ 9).

---

authenticity of the amendment to the Policy or the Policy itself. The court will consider the Policy, including its amendment, for purposes of deciding this motion to dismiss because the Policy's authenticity is not in doubt, it was referenced in the Second Amended Complaint, and it is central to Heroux's claims under ERISA. *See, e.g., Chemetall GMBH v. ZR Engergy, Inc.*, 320 F.3d 714, 718 n.4 (7th Cir. 2003) ("The court need not have treated the motion as one for summary judgment because it confined its analysis to the two contracts, the authenticity of which is not in doubt and which were referenced in the Complaint and central to its breach of contract claim.") (citation omitted).

4

Duval had informed Humana of Duval's representations to Heroux regarding Heroux's severance package and COBRA coverage. (¶ 23). In a letter dated March 21, 2003, Humana approved back surgery and related services for Heroux as medically necessary and approved under Heroux's insurance plan. (Compl. Ex. D). Relying upon this letter, Heroux had back surgery at a cost in excess of $140,000 in April 2003. (¶¶ 14, 21). After April 30, 2003, Duval claimed that Heroux's insurance coverage had expired prior to April 2003 and attempted to return the payments Heroux had made for insurance coverage. (¶ 15). Following its March 21, 2003 letter to Heroux and Heroux's back surgery, Humana claimed Heroux's coverage had expired prior to March 2003. (¶ 16). Both Duval and Humana have refused to pay for Heroux's back surgery and related services. (¶ 17).

Heroux timely appealed the refusal of her claim in compliance with the Policy's required claims procedures. (¶ 18). While the Policy states that Humana will provide written reasons for denial of claims for benefits, neither Humana nor Duval provided specific reasons for the denial of Heroux's claims, in writing or otherwise, until Heroux made a written demand invoking 29 U.S.C. §1133 in this litigation. (¶ 19). Heroux alleges that the reasons provided in response are pretextual or otherwise erroneous. (¶ 19). Under the contractual arrangements affecting Heroux's health insurance, Humana would have paid on the claim if such claim were allowed. (¶ 20).

Heroux subsequently filed this lawsuit, alleging that Humana breached its fiduciary duties to Heroux under §§ 1104 and 1132(c) of ERISA and otherwise (count I) and that Duval breached its fiduciary duties to Heroux under §§ 1104 and 1132(c) of ERISA and otherwise (count II). Heroux further alleges that Humana wrongfully denied her benefits, apparently under §§ 1024, 1132(a)(1)(B), and 1133 (count III); that Duval wrongfully denied her benefits, apparently under

§§ 1024, 1132(a)(1)(B), and 1133 (count IV); and that the Plan wrongfully denied her benefits, apparently under §§ 1024, 1132(a)(1)(B), and 1133 (count V). Finally, Heroux alleges that Duval made false representations to her regarding the continuation of her coverage under COBRA and that she would be insured through April 30, 2003 or later (count VI). In its motion to dismiss, Humana argues that Heroux failed to state a claim under §§ 1104, 1132(c), or "otherwise" (count I) and that Heroux failed to state a claim under §§ 1024 and 1133 (within count III). Humana does not move for dismissal of Heroux's implicit claim under §1132(a)(1)(B) in count III.

## DISCUSSION

Congress enacted ERISA to "protect ... the interest of participants in employee benefit plans and their beneficiaries by setting out substantive regulatory requirements for employee benefit plans and to provide for appropriate remedies, sanctions, and ready access to the Federal courts. ... The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 159 L. Ed. 2d 312, 124 S. Ct. 2488 at 2495 (2004) (internal quotations omitted). As such, ERISA carefully defines the roles and responsibilities of each party involved in the operation of employee benefit plans, and provides remedies to plan participants and beneficiaries when those duties are breached.

### I. Count I - Sections 1104 and 1132(c)

#### A. Breach of Fiduciary Duties

In count I of the Second Amended Complaint, Heroux alleges that Humana breached the fiduciary duties it owed to Heroux as a participant in the Plan under §§ 1104 and 1132(c) of ERISA. In particular, Heroux alleges that Humana (i) failed to inform her that Duval had erroneously considered her a covered employee given the three-month severance package it offered her; (ii) failed

6

to inform her that Duval had erroneously told Heroux her coverage was continued as COBRA coverage; and (iii) failed to inform her of her right to convert to an individual insurance policy, which may have allowed her to obtain health insurance coverage for the surgery and related services. Humana contends, however, that it cannot be held liable for the fiduciary claims Heroux alleges because (i) Heroux seeks individual relief that is not available to her under § 1104 of ERISA and (ii) Heroux fails to allege sufficient facts to demonstrate that Humana owed her a fiduciary duty.

Section 1104 of ERISA outlines the duties and standard of care that a fiduciary owes its plan participants and beneficiaries. In particular, §§ 1104(a)(1)(A) and 1104(a)(1)(B) detail the "prudent man standard of care" to which fiduciaries are held, stating that fiduciaries are expected to discharge their duties for the sole purposes of providing plan participants and beneficiaries benefits and defraying expenses of administering the plan using the care, skill, diligence, and prudence that a prudent man would use under similar circumstances. 29 U.S.C. § 1104(a)(1). However, §1104 does not grant civil enforcement for breach of fiduciary duty.

Civil enforcement is instead found in §§ 1132(a)(2) and 1109. *See Anweiler v. American Elec. Power Serv. Corp.*, 3 F.3d 986, 992 (7th Cir. 1993) ("ERISA allows for an action to enforce and seek appropriate relief because of a breach of fiduciary duty. 29 U.S.C. § 1132(a)(2). Section 1109 of ERISA makes 'any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries' personally liable.' *Id.* § 1109(a)."). Section 1132(a)(2) states that a civil action may be brought "by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under [§1109]." 29 U.S.C. §1132(a)(2). "Under Section 1109, liability for breach of fiduciary duty runs only to the plan and not to individual participants or beneficiaries." *Kessen v. Plumbers' Pension Fund, Local 130*, 877 F. Supp. 1198 at

1205 (N.D. Ill. 1995), citing *Anweiler*, 3 F.3d at 992. Because Heroux seeks individual relief rather than plan-wide relief, she cannot maintain an action under § 1132(a)(2) or § 1109.

Where an individual participant is unable to recover under §§ 1132(a)(2) and 1109 for breach of fiduciary duty, she may pursue an action under the "catchall" claim, §1132(a)(3), which states that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan." *Varity Corp.* v. *Howe*, 516 U.S. 489, 512, 134 L. Ed. 2d 130, 116 S. Ct. 1065 (1996); 29 U.S.C. § 1132(a)(3). In *Varity*, the Supreme Court found that the language and structure of § 1132 creates a "catchall" in § 1132(a)(3), which acts as a safety net "offering appropriate equitable relief for injuries caused by violations" that are not adequately remedied elsewhere in the provision. *Varity Corp.*, 516 U.S. at 512.

In the instant case, Heroux did not specifically seek a remedy under §1132(a)(3). Even if she had, however, her claim would be foreclosed by the relief she seeks in count III under § 1132(a)(1)(B). According to *Varity*, the catchall safety net is just that, and "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Varity*, 516 U.S. at 515. Although the Seventh Circuit has not yet addressed this issue, other courts within the Northern District of Illinois have interpreted this statement to mean that where relief may be obtained under § 1132(a)(1)(B), it cannot also be sought under §1132(a)(3). *See, e.g., Brosted* v. *Unum Life Ins. Co.*, 349 F. Supp. 2d 1088, 1092 (N.D. Ill. 2004) (plaintiff could not maintain an action under § 1132(a)(3) when he could pursue a claim under § 1132(a)(1)(B)); *Hedeen* v. *Aon Corp.*, No. 04

C 3360, 2004 U.S. Dist. LEXIS 21706, at *14 (N.D. Ill. Oct. 28, 2004) ("When a direct claim for benefits is available, therefore, a plaintiff cannot seek the same relief under § 1132(a)(3)."); *Clark v. Hewitt Assoc., Inc.*, 294 F. Supp. 2d 946, 949-950 (N.D. Ill. 2003) (unsuccessful claim under § 1132(a)(1)(B) did not justify relief under § 1132(a)(3)). Since Heroux has an adequate remedy under another section of ERISA, she cannot maintain a claim under § 1132(a)(3).

Because Heroux cannot recover on the breach of fiduciary duty claims under §§ 1104, 1109, 1132(a)(2) or 1132(a)(3), the court need not reach the question of whether Humana owed her fiduciary duties based on these specific allegations. Defendant's motion to dismiss on the breach of fiduciary duties claims against Humana under §1104 is granted.

B. Failure to Provide a Summary Plan Description

Heroux further alleges that Humana failed to supply her with a summary plan description as required by ERISA in §§ 1021(a), 1022, and 1024(b).[6] This claim is brought pursuant to § 1132(c), which establishes a civil action for an administrator's refusal to supply requested information that an employee welfare plan's administrator is required to furnish to a participant or beneficiary under ERISA. 29 U.S.C. § 1132(c).

Sections 1021(a), 1022, and 1024(b) state that it is the responsibility of the administrator of an employee benefit plan to distribute a summary plan description to plan participants and beneficiaries. Section § 1002(16)(A) defines the term "administrator" as

(i) the person specifically so designated by the terms of the instrument under which the plan is operated;

---

[6]Section 1021(a) mandates that the administrator of each employee benefit plan furnish a summary plan description to each covered participant. *See* 29 U.S.C. § 1021(a). Section 1022 details the required contents of the summary plan description. *See* 29 U.S.C. § 1022. Section 1024(b) sets forth the required timing and procedures for furnishing the summary plan description. *See* 29 U.S.C. § 1024(b).

9

(ii) if an administrator is not so designated, the plan sponsor; or
(iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may be regulation prescribe.

29 U.S.C. § 1002(16)(A). The June 2000 amendment to the Policy explicitly states that Humana is not the Plan Administrator under ERISA and alters Humana's identification from "Administrator" to "Trust Administrator," meaning that it performs administrative functions for the Policyholder. The Policy does not identify any other party as the Plan Administrator for ERISA purposes. Humana contends that the plan sponsor, Duval, is therefore the administrator by default under § 1002(16)(A)(ii), as Heroux claims in the alternative.

Prior to the June 2000 amendment, the Policy identified Humana as its Administrator. Section 1024(b) mandates that the administrator furnish to each participant a summary plan description within 90 days after he or she becomes a participant. 29 U.S.C. §1024(b). Heroux started working for Duval in 1998 and was a plan participant. The June 2000 amendment to the Policy does not remove the initial duty owed to Heroux by Humana as Administrator prior to 2000. Accordingly, whether or not Humana's June 2000 amendment to the Policy renders Duval the new plan administrator by default, Humana was the administrator prior to that amendment, and, as such, owed a duty to Heroux to provide her with a summary plan description. Thus, defendant's motion to dismiss plaintiff's claim against Humana for failure to provide a plan summary document under §§ 1021(a), 1022, and 1024(b) must be denied.

C. Failure to Provide Nonpretextual Reason for Denying Claim

Heroux's further alleges that Humana failed to provide her with a reason or nonpretextual reason for denial of her claim and appeal, despite requests for this information. Heroux also asserts

this claim pursuant to § 1132(c). Only the plan administrator may be held liable for penalties pursuant to § 1132(c). *See Anweiler*, 3 F.3d at 994 n.5.

Heroux's claim is subject to the current definition of plan administrator under the Policy as amended in June of 2000 because the condition for which Heroux sought benefits arose in 2003.[7] The amended Policy explicitly states that Humana is not the Plan Administrator under ERISA and names no other administrator. Because this claim is predicated on the theory that Humana is the plan administrator, then, Heroux's claim against Humana under § 1132(c) cannot stand.[8] Humana's motion to dismiss Heroux's claim against Humana for failure to provide a reason or nonpretextual reason for denial of her claim and appeal is granted.

In summary, Humana's motion to dismiss the fiduciary claims brought under § 1104 is granted; Humana's motion to dismiss plaintiff's claim under § 1132(c) for failure to provide a reason or nonpretextual reason for denial of claim and appeal is granted; but Humana's motion to dismiss

---

[7] Heroux argues that the amendment to the Policy does not trump the allegations in the Second Amended Complaint and implies that the court is obligated to treat as true the allegations supporting her contention that Humana was the administrator under ERISA. In deciding a motion to dismiss, however, the court is only required to treat well-pleaded allegations as true. *See Hickey v. O'Bannon*, 287 F.3d 656, 657 (7th Cir. 2002) ("All well-pleaded facts are taken as true and are construed in favor of plaintiff."). Heroux's allegations with regard to Humana's status as a plan administrator are not well-pled and the court will not take them as true because they conflict with the express terms of the amended Policy, which states that Humana is not the Plan Administrator. *See Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449 at 454 (7th Cir. 1998) ("It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations.").

[8] Heroux also contends that because Duval does not ascribe any value to the purported amendment and because Humana's claim that it was not the plan administrator contradicts Duval's position, the court should deny Humana's motion. In support thereof, Heroux attached to her response selected interrogatory responses from Duval, as well as a letter from Duval's counsel. The court declines consideration of these documents, however, because they were not referenced in Heroux's Second Amended Complaint. *See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1430 (7th Cir. 1996) ("[I]f the district court considers matters outside the pleadings in connection with a motion to dismiss, it must treat the motion as one for summary judgment."). In addition, Duval's opinion on whether it or Humana was the plan administrator is not relevant for purposes of deciding this motion to dismiss. Here, the court is considering whether Heroux stated a claim against Humana on which relief may be granted, not whether Heroux stated a claim against Duval.

Heroux's claim for failure to provide a plan summary document under §§ 1021(a), 1022, and 1024(b) is denied.

## II. Count III - Sections 1024 and 1133

In count III of the Second Amended Complaint, Heroux alleges that Humana wrongfully denied her claim for benefits by failing to properly interpret coverage provisions, failing to consider evidence offered by her, failing to provide her with a full and fair review of her claim, and failing to provide her with the necessary information required under § 1133. Humana acknowledges that while Heroux does not state a claim outright under § 1132(a)(1)(B), this ERISA section is most relevant to the asserted claims. Accordingly, Humana's motion to dismiss count III excludes the claim under § 1132(a)(1)(B) and instead focuses on the claims asserted pursuant to §§ 1024 and 1133.

None of the allegations made by Heroux in count III for wrongful denial of benefits engenders a violation under § 1024. Rather, plaintiff's allegation under count I against Humana for failing to provide her a summary plan description appears to be the only claim implicating § 1024. That claim was addressed above.

The only remaining claim to be addressed in count III, then, is plaintiff's claim under § 1133. Section 1133 details the obligations that employee benefit plans must meet in their claims procedures. 29 U.S.C. § 1133. First, employee benefit plans must provide adequate notice in writing to participants and beneficiaries setting forth specific reasons for denial anytime claims for benefits under the plan have been denied. 29 U.S.C. § 1133(1). Second, plans must afford participants and beneficiaries reasonable opportunity for a full and fair review by the appropriate named fiduciary when a claim is denied. 29 U.S.C. § 1133(2). Heroux appears to be bringing claims under both of

these subsections, as she alleges that Humana failed to provide her with a full and fair review of her claim and failed to provide her with "necessary information required under 29 U.S.C. § 1133." Heroux's requested relief against Humana under this count is an order for Humana (1) to pay all monies due third party medical care providers in connection with her surgery and treatment, (2) to acknowledge that she is a covered member and pay appropriate fines and penalties under ERISA, and (3) to pay her attorneys' fees and costs. Heroux also seeks "such other relief as is just and proper."

Humana contends that the relief Heroux requested in count III is not available in a § 1133 action and that a remand to the administrator for review of her claim denial is, instead, the only available relief. Humana's analysis of the relevant case law in this area and conclusion that remand is typically the most common remedy is correct. As stated above, however, dismissal on a 12(b)(6) motion is only appropriate if it appears beyond a reasonable doubt that Heroux can prove no set of facts in support of her claim that would entitle her to relief. *Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999). In addition, Rule 8(a) of the Federal Rules of Civil Procedure only requires a short and plain statement of the court's jurisdictional grounds and of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the plaintiff seeks. Fed. R. Civ. P. 8(a). Here, Heroux requests "such other relief as is just and proper." Thus, even if some of the relief requested is not available in a § 1133 action, Heroux has pled a set of facts for a cause of action arising under § 1133 that, if proven true, would entitle her to some form of relief.

Additionally, not all of the requested relief necessarily falls under the § 1133 claim, as Heroux also asserts a claim under § 1024 and an implicit claim under § 1132(a)(1)(B). Plaintiff's

13

prayer for relief in count III does not specify which relief she anticipates for each of her separate claims. Some of the relief requested may derive from her claims under the other two subsections. Hence, given the liberal standard by which a plaintiff's pleadings must be read under a 12(b)(6) motion to dismiss, defendant's motion to dismiss plaintiff's claim against Humana for failure to follow claim procedures as designated under § 1133 must be denied.

## CONCLUSION

For the reasons stated above, Humana's motion to dismiss [# 23] is granted in part and denied in part. Humana is directed to answer Plaintiff's Second Amended Complaint on or before June 28, 2005.

Dated: June 8, 2005         Enter: *[signature]*

JOAN HUMPHREY LEFKOW
United States District Judge